JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01020 DMG (VBKx)** | Date | February 22, 2012 |
|---|---|---|---|

| Title | *U.S. Bank National Association v. Edgar Winslow Sr., et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On September 19, 2011, Plaintiff U.S. Bank National Association filed a complaint in Los Angeles County Superior Court for unlawful detainer against Defendants Edgar Sr. and Sheila Winslow and Does 1 through 10. Plaintiff seeks possession of real property and restitution for Defendants' use and occupancy of the property in the amount of $50 per day. (Compl. at 3.) Defendants removed the case to this Court on February 6, 2012, asserting subject matter jurisdiction on the basis of civil rights issues, 28 U.S.C. § 1443(1).

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The removal statute that Defendants invoke, 28 U.S.C. § 1443(1), permits a defendant to remove an action "[a]gainst any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01020 DMG (VBKx)** | Date | February 22, 2012 |
|---|---|---|---|

| Title | *U.S. Bank National Association v. Edgar Winslow Sr., et al.* | Page | 2 of 2 |
|---|---|---|---|

>   allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citations and internal quotation marks omitted). Defendants' allegations fail to state a basis for removal under 28 U.S.C. § 1443(1).

The Court can discern no other basis for subject matter jurisdiction. The complaint raises no federal question. Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60-61, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009). Nor does the complaint reveal a basis for diversity jurisdiction. The amount in controversy is well below the $75,000 jurisdictional threshold for diversity jurisdiction. The caption of the underlying state court complaint clearly states that the amount of restitution sought by Plaintiff does not exceed $10,000.

Finally, Defendants assert that Plaintiff "originally proceeded against defendants while defendants were protected by a prior automatic [bankruptcy] stay" under 11 U.S.C. § 362. (Notice of Removal at 3 [Doc. # 1].) Plaintiffs direct the Court to Exhibit D to their notice of removal, which is a Chapter 13 petition filed on November 19, 2010 by Artellia Faith Johnson in the United States Bankruptcy Court for the Central District of California. That case, however, was dismissed on January 3, 2011—well before Plaintiff filed the instant action—and Defendants were not the debtor. Any stay related to Johnson's case has no applicability here notwithstanding that Johnson's bankruptcy petition lists the same street address that Defendants currently occupy.

In sum, Defendants have not established a basis for subject matter jurisdiction on the face of their notice of removal. In light of the foregoing, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**